

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

United States of America,

        Plaintiff,

    v.

Jonathan Woods,
    a/k/a "Selfmade Kash,"

        Defendant.

_____/

Case:5:19-cr-20008
Judge: Levy, Judith E.
MJ: Whalen, R. Steven
Filed: 01-03-2019 At 03:46 PM
SEALED MATTER (dat)

Violations:
    18 U.S.C. § 1343
    18 U.S.C. § 1029(a)(2)
    18 U.S.C. § 1028A(a)(1)

## INDICTMENT

THE GRAND JURY CHARGES:

## COUNTS ONE – FOUR
### (18 U.S.C. § 1343 – Wire Fraud)

1.    JONATHAN WOODS is a resident of Detroit, Michigan.

2.    WOODS claims to be a successful rapper under the name "Selfmade Kash." In his music, and on social media, WOODS purports to be the greatest "swiper" of all time—meaning, that he is prolific at credit card fraud.

3.    WOODS frequently posts pictures and videos on Twitter and Instagram containing large amounts of money, credit cards, and credit card skimmers to promote his proclivity for credit card fraud. He also

includes emojis for credit cards and a goat to represent the "greatest of all time" and hashtags such as #Bins, #Bitcoins, #cvv, #dumpswithpin, #ScamLikely, #swipegoat, and #511718—a BIN, or bank identification number, for Chase Manhattan Bank.

4.     Because of his reputation as the "swipegoat," people frequently contact WOODS on social media to inquire how to engage in credit card fraud. WOODS, in turn, sells information on how to commit identity theft and credit card fraud.

## THE SCHEME TO DEFRAUD

5.     From in or about May 2017 and continuing to in or about May 2018, the exact dates being unknown to the grand jury, the defendant, JONATHAN WOODS, devised a scheme and artifice to defraud to obtain money by means of false and fraudulent pretenses, representations, and promises.

6.     It was part of the scheme and artifice to defraud that the defendant, JONATHAN WOODS, claimed to be sophisticated at credit card fraud when, in fact, he is not.

7.     It was further part of the scheme and artifice to defraud that

2

the defendant, JONATHAN WOODS, sold his purported expertise on how to conduct credit card fraud to people over the internet, such as what BINs to use when, in fact, the information was worthless and many of the BINs were nonexistent.

8.    It was further part of the scheme and artifice to defraud that the defendant, JONATHAN WOODS, caused the purchasers of his so-called expertise on how to conduct credit card fraud to transfer money to him using interstate wire services, such as Western Union and MoneyGram.

## USE OF WIRES

9.    On or about the dates specified as to each count below, the defendant, JONATHAN WOODS, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, did knowingly transmit and cause to be transmitted, by means of wire, radio, and television communication, writings, signals, pictures, and sounds in interstate and foreign commerce for the purpose of executing such scheme and artifice as set forth below:

| Count | Approximate Date | Description of Wire Communication |
|---|---|---|

3

| 1 | December 20, 2017 | MoneyGram payment of $400 to "James Green" |
| 2 | January 6, 2018 | MoneyGram payment of $600 to "James Green" |
| 3 | January 21, 2018 | MoneyGram payment of $400 to "James Green" |
| 4 | May 1, 2018 | MoneyGram payment of $500 to "James Green" |

All in violation of 18 U.S.C. § 1343.

## **COUNT FIVE**
(18 U.S.C. § 1029(a)(3) –
Possession of Fifteen or More Unauthorized Access Devices)

On or about June 13, 2018, in the Eastern District of Michigan, the defendant, JONATHAN WOODS, knowingly and with intent to defraud, possessed fifteen or more unauthorized access devices, to wit: a cellular phone containing the credit and debit card account numbers of other individuals without their knowledge and consent, said possession affecting interstate commerce, all in violation of 18 U.S.C. §§ 1029(a)(3) and (c)(1)(A)(i).

4

## COUNT SIX
### (18 U.S.C. § 1028A(a)(1) –
### Aggravated Identity Theft)

On or about June 13, 2018, in the Eastern District of Michigan,

the defendant, JONATHAN WOODS, did knowingly possess, without

lawful authority, a means of identification of another person during and

in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to

wit: names, dates of birth, and social security numbers of the

accountholders of stolen credit and debit card accounts, during and in

relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit:

possession of fifteen or more unauthorized access devices, in violation of

18 U.S.C. § 1029(a)(3), as set forth in Count Five, all in violation of 18

U.S.C. § 1028A(a)(1).

## FORFEITURE ALLEGATION

1.     As a result of the violations of Title 18, United States Code,

Sections 1343 (wire fraud), Section 1029 (access device fraud), and

1028A (aggravated identity theft), as set forth in Counts One through

Six of this indictment, the defendant shall forfeit to the United States

any property, real or personal, which constitutes, or is derived from,

5

proceeds traceable to those violations, pursuant to 18 U.S.C. §§ 981(a)(1)(A), (C), and (D), 982(a)(2)(B), and 28 U.S.C. § 2461.

Such property includes, but is not limited to, a money judgment in an amount to be determined in United States currency and all traceable interest and proceeds for which the defendant is jointly and severally liable. Such sum in aggregate is property representing the proceeds of the aforementioned offenses, or money that was involved in the aforementioned offenses, or is traceable to such property, in violation of 18 U.S.C. §§ 1343, 1029(a)(2), and/or 1028A(a)(1).

2. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), if any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot

be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute

property pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Sections 982(b)(1) and

1029(c)(2) and Title 28, United States Code, Section 2461(c).

THIS IS A TRUE BILL.

Dated: *1/3/2019*

s/*Grand Jury Foreperson*
Grand Jury Foreperson

MATTHEW SCHNEIDER
United States Attorney

s/*Matthew Roth*
Matthew Roth
Chief, Major Crimes Unit

s/*Shane Cralle*

Shane Cralle
Assistant U.S. Attorney

s/*Terrence Haugabook*

Terrence Haugabook
Assistant U.S. Attorney

7

| United States District Court<br>**Eastern District of Michigan** | **Criminal Case Co** | Case: 5:19-cr-20008<br>Judge: Levy, Judith E.<br>MJ: Whalen, R. Steven<br>Filed: 01-03-2019 At 03:46 PM<br>SEALED MATTER (dat) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to co

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☐ Yes   ☒ No | **AUSA's Initials:** _Ltl_ |

**Case Title:** USA v. Jonathan Woods

**County where offense occurred :** Wayne

**Check One:**   ☒ Felony       ☐ Misdemeanor       ☐ Petty

✓ Indictment/____ Information --- no prior complaint.
____ Indictment/____ Information --- based upon prior complaint [Case number: ____ ]
____ Indictment/____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below].*

## Superseding Case Information

**Superseding to Case No:** _____   **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

January 3, 2019
Date

s/Shane Cralle

Shane Cralle
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9551
Fax:   313-226-5164
E-Mail address: Shane.Cralle@usdoj.gov
Attorney Bar #:

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.