

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

United States of America,

        Plaintiff,

v.

D-1 Jonathan Woods,

        Defendant.

_____/

No. 19-20008

Hon. Judith E. Levy

**Offenses:**
18 U.S.C. § 1343
Wire Fraud
(Counts 1-4)

18 U.S.C. § 1029(a)(3)
Possession of 15 or More Counterfeit or
Unauthorized Access Devices
(Count 5)

**Maximum Penalty:**
20 years (Count 1)
10 years (Count 5)

**Maximum Fine:**
Not to exceed $250,000

**Mandatory Supervised Release:**
Up to 3 years

## Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

defendant, Jonathan Woods, and the government agree as follows:

1. **Guilty Plea**

   A. **Counts of Conviction**

   Defendant will enter a plea of guilty to Counts One through Five of the

Indictment, which charges him with:

| Count | Offense | Statute |
|-------|---------|---------|
| 1-4 | wire fraud | 18 U.S.C. § 1343 |
| 5 | possession of fifteen or more counterfeit or unauthorized access devices | 18 U.S.C. § 1029(a)(3) |

   B. **Elements of Offenses**

The elements of Count One ~~are~~ through Four as follows: *TRH JW*

    1. The defendant devised a scheme to defraud;

    2. The defendant acted with the intent to defraud; and

    3. In advancing, furthering, or carrying out the scheme, the defendant

    caused the transmission of a signal of some kind by means of a wire

    communication in interstate commerce.

The elements of Count Five are as follows:

    1. The defendant knowingly possessed 15 or more access devices;

    2. the devices were counterfeit or unauthorized;

    3. the defendant possessed those devices with the intent to defraud; and

    4. the defendant's conduct affected interstate or foreign commerce.

C.    **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty

pleas on Counts One through Five:

Between May 2017 and May 2018, Jonathan Woods portrayed himself on

social media as an expert at credit card fraud. He frequently made posts to

Instagram and Twitter about his skill at fraud and the large amounts of money that

he earned from it. Woods also posted music videos to YouTube in which he rapped

about his prowess at credit card fraud and flashed large amounts of money. In his

music and in social media, Woods proclaimed himself the greatest of all time—the

GOAT.

Woods drew a large following online. While Woods often predicted that he

would be arrested for his fraud one day, he dismissed the future consequences

because of how much money he earned. Based on his posts, many of Woods's

followers asked him for instruction and guidance on how to commit credit card

fraud so that they, too, could be rich.

Woods devised a scheme to fleece these would-be credit card fraudsters by

offering to teach them his secrets for a fee of several hundred dollars. Woods

instructed his victims to wire the money through various interstate wire services,

such as Western Union or MoneyGram, to an alias, "James Green." Once Woods

received the money, he instructed his victims to download the web browser, The

Onion Router, commonly known as "TOR." (TOR is a worldwide network of servers that enables users to access the dark web where many credit card fraud transactions occur.). Next, Woods provided each victim identical login information to websites on the dark web known to sell illegally obtained credit card account numbers ("dumps") and corresponding PINs (Personal Identification Numbers). Woods then suggested certain BINs (Bank Identification Numbers) that his victims should acquire on these websites.

Woods maintained a small cache of personally identifiable information ("PII") belonging to sixteen individuals that included their true names, addresses, social security numbers, email accounts, and passwords.[1] As part of his scheme, Woods distributed this same cache of PII to each of his victims as a starter set on their would-be life of fraud. In the end, his victims were unable to use the information that he provided because the information that Woods provided was useless as he did not, in fact, know how to commit credit card fraud despite his claims as the GOAT. When they complained, Woods stopped all communication, but he still kept their money.

In furtherance of his scheme to defraud the would-be fraudsters, Woods received the following payments for his so-called knowledge and expertise through the Money Gram interstate wire service:

---

[1] This cache of information supplies the factual basis for count 5.

- 4 -

| Count | Approximate Date | Description of Wire Communication |
|-------|------------------|-----------------------------------|
| 1 | December 20, 2017 | MoneyGram payment of $400 to "James Green" |
| 2 | January 6, 2018 | MoneyGram payment of $600 to "James Green" |
| 3 | January 21, 2018 | MoneyGram payment of $400 to "James Green" |
| 4 | May 1, 2018 | MoneyGram payment of $500 to "James Green" |

2. **Sentencing Guidelines**

A. **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B. **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, the defendant's guideline range is **24 – 30 months,** as set forth on the attached worksheets. If the Court finds:

    1. That defendant's criminal history category is higher than reflected on the attached worksheets, or

    2. that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **24 – 30 months**, the higher guideline range becomes the **agreed range**. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different from any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3. **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A. **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

B. **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose

any term of supervised release up to the statutory maximum term, which in this case is 3 years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

C.    **Special Assessment**

Defendant will pay a special assessment of $500.00 at the time of sentencing.

D.    **Fine**

There is no agreement as to fines.

E.    **Restitution**

The Court shall order restitution to every identifiable victim of defendant's offense. There is no agreement on restitution. The Court will determine who the victims are and the amounts of restitution they are owed.

Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

4.     **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

5.     **Other Charges**

If the Court accepts this agreement, the government will dismiss Count 6 in this case.

6.     **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

- 8 -

7.      **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the agreed range, the defendant also waives any right he may have to appeal his sentence on any grounds. If the defendant's sentence of imprisonment is at least the bottom of the agreed range, the government waives any right it may have to appeal the defendant's sentence.

This waiver does not bar filing a claim of ineffective assistance of counsel in court.

8.      **Consequences of Withdrawal of Guilty Pleas or Vacation of Convictions**

If defendant is allowed to withdraw his guilty pleas or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty pleas becomes final, which charges relate directly or indirectly to the conduct underlying the guilty pleas or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

9.    **Collateral Consequences of Conviction**

Defendant understands that his convictions here may carry additional

consequences under federal and state law, including the potential loss of the right to

vote, right to carry a firearm, right to serve on a jury, and ability to hold certain

licenses or to be employed in certain fields. Defendant further understands that, if

he is not a native-born citizen of the United States, there may be adverse

immigration consequences resulting from conviction. These include possible

removal from the United States, denial of citizenship, denaturalization, denied

admission to the United States in the future and other possible consequences.

Defendant understands that no one, including the defendant's attorney or the Court,

can predict to a certainty the effect of defendant's conviction on any of these

matters. Defendant nevertheless affirms that he chooses to plead guilty regardless of

any immigration consequences or other collateral consequences of his conviction.

10.    **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government

agency except the United States Attorney's Office for the Eastern District of

Michigan.

11.    **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates,

is the complete agreement between the parties. This agreement supersedes all other

- 10 -

promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

12.    **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office

of the United States Attorney by 5:00 P.M. on 09/09/2019. The government

reserves the right to modify or revoke this offer at any time before defendant pleads

guilty.

MATTHEW SCHNEIDER
United States Attorney

Matthew Roth
Assistant United States Attorney
Chief, Major Crimes

Terrence R. Haugabook
Assistant United States Attorney

Shane Cralle
Assistant United States Attorney

Date: 09/03/2019

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.


Natasha Webster
Attorney for Defendant

9-6-2019

Date


Jonathan Woods
Defendant

9-6-2019

Date

- 13 -

## WORKSHEET A
# OFFENSE LEVEL

Defendant **Jonathan Woods**                    District/Office **Eastern District of Michigan**

Docket Number **19-20008**

Count Number(s) **1-4, 5**          U.S. Code Title & Section **18** : **1343** ; **18** : **1029(a)(3)**

*Guidelines Manual* Edition Used: 20**18** (*Note*: The Worksheets are keyed to the November 1, 2016 *Guidelines Manual*)

### INSTRUCTIONS

Complete a separate Worksheet A for each count of conviction or as required in a situation listed at the bottom of Worksheet B.*
*Exceptions*: Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on aggregate value or quantity (*see* §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive count that was the sole object of the conspiracy, solicitation, or attempt (*see* §3D1.2(a) & (b)).

### 1. Offense Level (*See Chapter Two*)

Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the bases for these determinations. Enter the sum in the box provided.

| Guideline | Description | Level |
|---|---|---|
| 2B1.1(a)(1) | base offense level | 7 |
| 2B1.1(b)(1)(D) | loss of more than $40, 000 (includes U.S.S.G. 2B1.1 cmt. n. 3(F)(i)) | 6 |
| 2B1.1(b)(2)(A) | 10 or more victims | 2 |
| 2B1.1(b)(10)(C) | sophisticated means | 2 |
| 2B1.1(11)(B)(i) | trafficking of unauthorized access devices | 2 |

If the Chapter Two guideline requires application of a cross reference or other reference, an additional Worksheet A may be needed for that analysis. *See* §1B1.5.          Sum  **19**

### 2. Victim-Related Adjustments (*See Chapter Three, Part A*)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".          §_____          [ ]

### 3. Role in the Offense Adjustments (*See Chapter Three, Part B*)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If the adjustment reduces the offense level, enter a minus (–) sign in front of the adjustment. If no adjustment is applicable, enter "0".          §_____          [ ]

### 4. Obstruction Adjustments (*See Chapter Three, Part C*)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".          §_____          [ ]

### 5. Adjusted Offense Level

Enter the sum of Items 1–4. If this Worksheet A does not cover all counts of conviction or situations listed at the bottom of Worksheet B, complete Worksheet B. Otherwise, enter this result on Worksheet D, Item 1.          [ ]

[✓] Check here if **all** counts (*including* situations listed at the bottom of Worksheet B)* are addressed on this one Worksheet A. If so, no Worksheet B is used.

[ ] If the defendant has no criminal history, enter "I" here and on Worksheet D, Item 4. No Worksheet C is used.

## WORKSHEET B
# MULTIPLE COUNTS*

Defendant __Jonathan Woods__                     Docket Number __19-20008__

### INSTRUCTIONS

**STEP 1:** Determine if any of the counts group under §3D1.2(a)–(d) ("the grouping rules"). All, some, or none of the counts may group. Some of the counts may have already been grouped in the application under Worksheet A, specifically: (1) counts grouped under §3D1.2(d); or (2) a count charging conspiracy, solicitation, or attempt that is grouped with the substantive count of conviction (*see* §3D1.2(a)). Explain the reasons for grouping:

_____
_____
_____

**STEP 2:** Using the box(es) provided below, for each group of "closely related counts" (*i.e.*, counts that group together under any of the four grouping rules), enter the highest adjusted offense level from Item 5 of the various Worksheets "A" that comprise the group. *See* §3D1.3. Note that a "group" may consist of a single count that has not grouped with any other count. In those instances, the offense level for the group will be the adjusted offense level for the single count.

**STEP 3:** Enter the number of units to be assigned to each group (*see* §3D1.4) as follows:
- One unit (1) for the group of counts with the highest offense level
- An additional unit (1) for each group that is equally serious or 1 to 4 levels less serious
- An additional half unit (1/2) for each group that is 5 to 8 levels less serious
- No increase in units for groups that are 9 or more levels less serious

**1.  Adjusted Offense Level for the First Group of Counts**

Count number(s) _____                                    [   ] _____ Unit

**2.  Adjusted Offense Level for the Second Group of Counts**

Count number(s) _____                                    [   ] _____ Unit

**3.  Adjusted Offense Level for the Third Group of Counts**

Count number(s) _____                                    [   ] _____ Unit

**4.  Adjusted Offense Level for the Fourth Group of Counts**

Count number(s) _____                                    [   ] _____ Unit

**5.  Adjusted Offense Level for the Fifth Group of Counts**

Count number(s) _____                                    [   ] _____ Unit

**6.  Total Units**

_____ Total Units

**7.  Increase in Offense Level Based on Total Units** (See §3D1.4)

| 1 unit: | no increase | 2½ – 3 units: | add 3 levels |
| 1½ units: | add 1 level | 3½ – 5 units: | add 4 levels |
| 2 units: | add 2 levels | More than 5 units: | add 5 levels |

[   ]

**8.  Highest of the Adjusted Offense Levels from Items 1–5 Above**

[   ]

**9.  Combined Adjusted Offense Level** (See §3D1.4)

Enter the sum of Items 7 & 8 here and on Worksheet D, Item 1.          [   ]

*Note: Worksheet B also includes applications that are done "as if there were multiple counts of convictions," including: multiple-object conspiracies (see §1B1.2(d)); offense guidelines that direct such application (e.g., §2G2.1(d)(1) (Child Porn Production)); and stipulations to additional offenses (see §1B1.2(c)). Note also that these situations typically require the use of multiple Worksheets A.

# WORKSHEET C
# CRIMINAL HISTORY
## [Page 1 of 2]

Defendant __Jonathan Woods__                                    Docket Number __19-20008__

*Note:* As an aid, some of the basic criminal history "rules" are listed below. However, there are numerous additional criminal history rules at §§4A1.1 and 4A1.2 that must be used with Worksheet C and for correct application.

### Enter the Earliest Date of the Defendant's Relevant Conduct _____

(The date of *the defendant's commencement of the instant offense*(s))

### 1. Prior Sentences Resulting from Offenses Committed Prior to the Defendant's 18th Birthday

(a) **3 Points** if convicted as an *adult*, for each prior sentence of imprisonment *exceeding one year and one month* imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. *See* §§4A1.1(a) and 4A1.2(d)(1) & (e)(1).

(b) **2 Points** for each prior *adult or juvenile sentence* of confinement of *at least 60 days* not counted under §4A1.1(a) imposed within 5 years or from which the defendant was released from confinement within 5 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(b) and 4A1.2(d)(2)(A).

(c) **1 Point** for each prior *adult or juvenile sentence* not counted under §4A1.1(a) or §4A1.1(b) imposed within 5 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(c) and 4A1.2(d)(2)(B).

*Note:* Identify as "**adult**" any sentence exceeding one year and one month that resulted from an adult conviction.
A **release date** is required in only two instances: (1) when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to *the defendant's earliest date of relevant conduct* but resulted in the defendant being incarcerated during any part of such 15-year period; or (2) when a sentence counted under §4A1.1(b) was imposed more than 5 years prior to *the defendant's earliest date of relevant conduct*, but release from confinement occurred within such 5-year period.

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| 11/26/18 | Att poss contr. sub. | 10 days jail | | 4A1.1(c)/4A1.2(c) | 1 |
| 8/22/17 | Poss MJ or synth. | $675 in fines & costs | | 4A1.1(c)/4A1.2(c) | 1 |
| | | | | | |
| | | | | | |

### 2. Prior Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday

(a) **3 Points** for each prior sentence of imprisonment *exceeding one year and one month* imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. *See* §§4A1.1(a) and 4A1.2(e)(1).

(b) **2 Points** for each prior sentence of imprisonment of *at least 60 days* not counted under §4A1.1(a) imposed within 10 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(b) and 4A1.2(e)(2).

(c) **1 Point** for each prior sentence not counted under §4A1.1(a) or §4A1.1(b) imposed within 10 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(c) and 4A1.2(e)(2).

*Note:* A **release date** is required when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to *the defendant's earliest date of relevant conduct* but resulted in the defendant being incarcerated during any part of such 15-year period.

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

# Worksheet C — Criminal History [Page 2 of 2]

Defendant _Jonathan Woods_                                    Docket Number _19-20008_

(continued from *Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday*)

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**3. Sum of Criminal History Points for prior sentences under §4A1.1(a), (b), & (c) in Items 1 & 2**

A total of 4 points can be added for all the 1-Point sentences counted in Items 1 & 2 combined.

**4. "Status" of Defendant at Time of Instant Offense**

**2 Points** for "status" if the defendant committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence (*e.g.*, probation, parole, supervised release, imprisonment, work release, or escape status) for a sentence counted in Items 1 or 2. *See* §4A1.1(d) and Application Note 4. List the type of control and identify the counted sentence that resulted in the control. Otherwise, enter **0 Points**.

_____

_____

**5. Crimes of Violence**

**1 Point** for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under §4A1.1(a), (b), or (c) because such sentence was counted as a single sentence which also included another sentence resulting from a conviction for a crime of violence. A total of 3 points can be added under this subsection. *See* §4A1.1(e) and Application Note 5, and §4A1.2(a)(2) & (p). Identify the crimes of violence and briefly explain why the cases are considered a single sentence. Otherwise, enter **0 Points**.

_____

_____

**4. Total Criminal History Points** (Sum of Items 3–5)

2

**5. Criminal History Category** (Enter here and on Worksheet D, Item 4)

| Total Points | Criminal History Category |
|---|---|
| 0–1 | I |
| 2–3 | II |
| 4–6 | III |
| 7–9 | IV |
| 10–12 | V |
| 13 or more | VI |

II

## WORKSHEET D
# DETERMINING THE SENTENCE
## [Page 1 of 4]

Defendant  Jonathan Woods                     Docket Number  19-20008

**1.  Adjusted Offense Level** (From Worksheet A or B)
If Worksheet B is required, enter the result from Worksheet B, Item 9. Otherwise, enter the result from Worksheet A, Item 5.

**19**

**2.  Acceptance of Responsibility** (See Chapter Three, Part E)
Enter the applicable reduction of **2** or **3** levels. If no adjustment is applicable, enter "0".

**– 3**

**3.  Offense Level Total** (Item 1 less Item 2)

**16**

**4.  Criminal History Category** (From Worksheet A or C)
Enter the result from Worksheet C, Item 8, unless the defendant has no criminal history, and as directed at the bottom of Worksheet A, no Worksheet C is used and "I" is entered here.

**II**

**5.  Terrorism; Career Offender; Criminal Livelihood; Armed Career Criminal; Repeat and Dangerous Sex Offender** (See Chapter Three, Part A, and Chapter Four, Part B)

a.  **Offense Level Total**
If the provision for Career Offender (§4B1.1), Criminal Livelihood (§4B1.3), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in an offense level total higher than Item 3, enter the offense level total. Otherwise, enter "N/A".

b.  **Criminal History Category**
If the provision for Terrorism (§3A1.4), Career Offender (§4B1.1), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in a criminal history category higher than Item 4, enter the applicable criminal history category.  Otherwise, enter "N/A".

**6.  Guideline Range from Sentencing Table**
Enter the applicable guideline range from Chapter Five, Part A, in months.

**24**  to  **30**

**7.  Restricted Guideline Range** (See Chapter Five, Part G)
If the statutorily authorized maximum sentence or the statutorily required minimum sentence restricts the guideline range (Item 6) (see §§5G1.1 and 5G1.2), enter either the restricted guideline range or any statutory maximum or minimum penalty that would modify the guideline range. Otherwise, enter "N/A".

**to**

☐ Check here if §5C1.2 (Limitation on Applicability of Statutory Minimum Penalties in Certain Cases) and 18 U.S.C. § 3553(e) – "The Safety Valve" – are applicable.

**8.  Undischarged Term of Imprisonment; Anticipated State Term of Imprisonment** (See §5G1.3)

☐ If the defendant is subject to an undischarged term of imprisonment, or an anticipated state term of imprisonment, check this box. Below list the undischarged/anticipated term(s), the applicable section of §5G1.3 and its direction or guidance as to whether the instant federal sentence is to be imposed to run concurrently or consecutively to the undischarged/anticipated term(s), and any sentence adjustment.

# Worksheet D — Determining the Sentence [Page 2 of 4]

Defendant  Jonathan Woods                                    Docket Number  19-20008

---

**9.  Sentencing Options** (*See* Chapter Five, Sentencing Table and §§5B1.1(a) and 5C1.1)

Check the applicable box that corresponds to the Guideline Range entered in Item 6 or Item 7, if applicable.

**Zone A** (*See* §§5B1.1(a)(1) & 5C1.1(a) & (b))

☐  If checked, the following options are available:

- Fine (*See* §§5C1.1(b) & 5E1.2(a))
- "Straight" Probation (*See* §§5B1.1(a)(1) & 5C1.1(b))
- Imprisonment (*See* §5C1.1(a) & (c)(1))

**Zone B** (*See* §§5B1.1(a)(2) & 5C1.1(a) & (c))

☐  If checked, *the minimum term may be satisfied by*:

- Imprisonment (*See* §5C1.1(a) & (c)(2))
- Imprisonment of *at least one month plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (*See* §5C1.1(c)(2))
- Probation with a condition that substitutes intermittent confinement, community confinement, or home detention for imprisonment (*See* §§5B1.1(a)(2) and 5C1.1(c)(3))

**Zone C** (*See* §5C1.1(a) & (d))

☐  If checked, *the minimum term may be satisfied by*:

- Imprisonment (*See* §5C1.1(a) & (d)(1))
- Imprisonment of *at least one-half of the minimum term plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (*See* §5C1.1(d)(2))

**Zone D** (*See* §5C1.1(a) & (f))

☑  If checked, *the minimum term is to be satisfied by* a sentence of imprisonment

---

**10. Length of Term of Probation** (*See* §5B1.2)

If probation is imposed, the guideline for the length of such term of probation is: (Check the applicable box)

☐  At least one year, but not more than five years if the offense level total is 6 or greater.

☐  No more than three years if the offense level total is 5 or less.

# Worksheet D — Determining the Sentence [Page 3 of 4]

Defendant  Jonathan Woods

Docket Number  19-20008

## 11. Supervised Release (See §§5D1.1 and 5D1.2)

**a.  Imposition of a Term of Supervised Release:**

☐ Ordered because required by statute (*See* §5D1.1(a)(1)).

☑ Ordered because a sentence of imprisonment of more than one year is imposed (*See* §5D1.1(a)(2)).

☐ Is *not* ordered although a sentence of more than one year is imposed, because it is not required by statute *and* the defendant likely will be deported after imprisonment (*See* §5D1.1(c)).

☐ Ordered because it may be ordered in any other case (*See* §5D1.1(b)).

**b.  Length of Term of Supervised Release**

Check the Class of the Offense:

☐ Class A or B Felony: Two to Five Year Term (*See* §5D1.2(a)(1))

☑ Class C or D Felony: One to Three Year Term (*See* §5D1.2(a)(2))

☐ Class E Felony or Class A Misdemeanor: One Year Term (*See* §5D1.2(a)(3))

☐ If a statutorily required mandatory minimum term of supervised release for the offense impacts the guideline range for the applicable Class of Offense above, also check this box, and list the statutory minimum term (*See* §5D1.2(c)):

_____ years mandatory minimum term of supervised release

☐ If an offense in 18 U.S.C. § 2332b(g)(5)(B) that resulted in, or created a foreseeable risk of, death or serious bodily injury to another person; or if a sex offense, the term of supervised release will be not less than the minimum term established above, and may be up to life (*See* §5D1.2(b)).

Policy Statement: If a sex offense, the *statutory maximum term* of supervised release is recommended.

## 12. Restitution (See §5E1.1)

a.  If restitution is applicable, enter the amount. Otherwise enter "N/A" and the reason:
To be determined

b.  Enter whether restitution is statutorily mandatory or discretionary:
mandatory

c.  Enter whether restitution is by an order of restitution, or *solely* as a condition of supervision. Enter the authorizing statute:

# Worksheet D — Determining the Sentence [Page 4 of 4]

Defendant  Jonathan Woods                              Docket Number  19-20008

## 13. Fines (The Guideline Range for Fines for Individual Defendants) (See §5E1.2)

|     |                                                                                                                                          | Minimum   | Maximum    |
|-----|------------------------------------------------------------------------------------------------------------------------------------------|-----------|------------|
| a.  | **Special Fine Provisions**                                                                                                              |           |            |
|     | ☐ Check box if any of the counts of conviction is for a statute with a special fine provision. (This ***does not*** include the general fine provisions of 18 USC § 3571(b)(2) & (d).) |           |            |
|     | Enter the sum of statutory maximum fines for all such counts.                                                                            |           | $250,000   |
| b.  | **Fine Table (§5E1.2(c)(3))** <br> Enter the minimum and maximum fines.                                                                  | $10,000   | $95,000    |
| c.  | **Fine Guideline Range** <br> (Determined by the minimum of the Fine Table (Item 13(b)) and the greater maximum above (Item 13(a) or 13(b))). | $10,000   | $250,000   |
| d.  | **Ability to Pay** <br> ☐ Check this box if the defendant does not have an ability to pay.                                              |           |            |

## 14. Special Assessments for Individual Defendants (See §5E1.3)

Enter the total amount of the statutory special assessments required for all counts of conviction:
- $100 for each felony count of conviction.
- $25 for each Class A misdemeanor count of conviction.
- While not subject to guideline sentencing, the special assessments for a Class B misdemeanor, and a Class C misdemeanor or infraction are $10 and $5 per count, respectively.

**TOTAL:**                     $500

## 15. Factors That May Warrant a *Departure* (See §1B1.1(b))

Consider Chapter Five, Part H (Specific Offender Characteristics) and Part K (Departures), and other policy statements and commentary in the *Guidelines Manual* that might warrant consideration in sentencing. (*See also* the "List of Departure Provisions" included in the *Guidelines Manual* after the Index).

_____

_____

_____

_____

## 16. Factors That May Warrant a *Variance* (See §1B1.1(c))

Consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole.

_____

_____

_____

_____

**Completed by** _____     **Date** _____