UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                  Plaintiff,                Cr. No. 19-20008

v.                                  Honorable. Judith E. Levy

JONATHAN WOODS,

                  Defendant.

_____/

## RESPONSE TO THE GOVERNMENTS REQUEST TO DELETE VIDEOS ON <u>BEHALF OF JONATHAN WOODS</u>

### I.
### Background

On January 13, 2020, Mr. Woods received a 36 months of probation as a result of guilty to plea to 4 Counts of Wire Fraud and 1 Count of Possession of 15 or more Access Devices.  The government has requested that nine youtube videos posted by Mr. Woods be removed.  With the exception of one youtube video, Mr. Woods objects to the removal of the videos requested by the government.  Specifically, he contends that the removal of the videos would infringe upon his First Amendment Right.

## II.

### The Request To Delete Youtube Videos Posted By Mr. Woods Sweeps To Broadly As it Would Infringe Upon Mr. Woods First Amendment Rights.

A district court has wide discretion in formulating the conditions of supervised release. *United States v. Crume*, 422 F.3d728, 732 (8th Cir. 2005); 18 U.S.C. § 3583(d). Nevertheless, that discretion is not unfettered. *Crume*, 422 F.3d at 732. A court may only impose special conditions which are "reasonably related" to "the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical or other correctional needs." *Id.* at 732-33; *United States v. Kingsley*, 241 F.3d 828, 836 (6th Cir. 2001) 18 U.S.C. § 3583(d)(1).

Moreover, even if the conditions are reasonably related to these concerns, they cannot stand if they involve "a 'greater deprivation of liberty than is reasonably necessary' under the circumstances." *United States v. Mark*, 425 F.3d 505, 509 (8th Cir. 2005) (quoting 18 U.S.C. § 3583(d)(2)). That is particularly true when the condition restricts "important constitutional rights." *Crume*, 422 F.3d at 733.

Undoubtedly, the youtube videos at issue reference slang and or street terms associated with various credit card terms, however Mr. Woods' lyrics are part of a

2

persona and image.  Rappers famously rely on exaggeration and  hyperbole as they craft the larger-than-life characters that have entertained fans (and offended critics) for decades.  See Andrea L. Dennis, Poetic  (In)Justice?  Rap Music Lyrics as Art, Life, and Criminal Evidence, 31 COLUM.J.L.&ARTS 1, 25 (2007).  Mr. Woods is no different in that regard.

Significantly, the lyrics/content in the youtube videos as pointed out by the government boasts, depicts or gives the impression or appearance that Mr. Woods is engaging in  credit  card  fraud.   Critically,  none  of  the  actual  items  referenced (skimmers, BIN's, reader/writer encoder, credits cards, gift cards) are seen in the videos.

"As  a  general  principle,  the  First  Amendment  bars  the  government  from dictating what we see or read or speak or hear." *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 245 (2002).  While an individual on supervised release may enjoy "weaker First Amendment rights than the ordinary citizen," *United States v. Shultz*, 733 F.3d 616, 624 (6th Cir. 2013) his freedom of expression remains protected to the extent that it does not conflict with federal sentencing goals.  *United States v. Simons*, 614 F.3d 475, 483-84 (8th Cir. 2010).  Such a condition would sweep to broadly as the condition would reach constitutionally protected expression that is unrelated to the conduct for which Mr. Woods was convicted.

3

Accordingly, Mr. Woods objects to the removal of all the requested youtube videos except for "SMK Swipefiles Punch and In-Studio Vlog (1st Time Ever)" "Selfmade Kash (hereinafter "SMK") Swipe School." https://www.youtube.com/watch?v=XflZyOYhBfE.  He does not object to removing this video should the Court order him to do so.

## III.
## Conclusion

For the above stated reasons, Mr. Woods respectfully requests that the Court deny the government's request to delete the youtube videos.

Respectfully Submitted,
**FEDERAL COMMUNITY DEFENDER OFFICE**
/s/ Natasha Webster
Counsel for Jonathan Woods
613 Abbott Street, Suite 500
Detroit, Michigan  48226
313-967-5847
Natasha_Webster@fd.org


Date:  March 9, 2020

### CERTIFICATE OF SERVICE

I Natasha Webster, of the Federal Community Defender Office certify that on March 9, 2020, the foregoing document was served on Assistant U.S. Attorney Terrence Haugabook through the ECF system and USPO Courtney Wilson via email at Courtney_Wilson@miep.uscourts.gov.